■ In the Matter of LIZETTE PATRICIA M. and Another, Children Alleged to be Permanently Neglected. GWENDOLYN M., Appellant; MCMAHON SERVICES FOR CHILDREN, Respondent. [953 NYS2d 579]—

Appeals from orders of disposition, Family Court, New York County (Jody Adams, J.), entered on or about August 31, 2011, which upon a fact-finding determination that appellant mother had permanently neglected the children, terminated her parental rights and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services, unanimously dismissed, without costs.

No appeal lies from the fact-finding and dispositional orders since they were made on default at the hearing (*see Matter of Miguel R. v Wilda C.*, 74 AD3d 631 [1st Dept 2010]). Appellant appeared and testified on the first day of the fact-finding hearing, but when she failed to appear on the second day of the proceeding to complete her testimony, her testimony was properly stricken by the court. She was not present at the dispositional hearing, which immediately followed. Moreover, her motion to vacate her default was dismissed upon her failure to appear in court on the return date of the motion.

Were we to review the fact-finding and dispositional orders,

we would find that clear and convincing evidence provided by the agency's progress notes established that the agency made diligent efforts to strengthen and encourage the parental relationship by referring appellant for services, including mental health counseling, and that the possible consequences of her failure to comply were explained to her. The agency also demonstrated that despite its diligent efforts, appellant permanently neglected the children by failing to continue to attend therapy, and her relationship with the children deteriorated to the point that they no longer wanted to visit with her.

The finding that termination of appellant's parental rights was in the children's best interests was also supported by the record. Appellant failed to take steps to address her mental health issues or to acknowledge the problems that led to placement. A caseworker testified that the children were well-cared for in their foster home, where they wanted to remain, and that the foster mother wanted to adopt them. Concur—Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.